MARISOL A.NAGATA, ESQ.
CA BAR NO. 221387
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
3990 E. CONCOURS STREET SUITE 350
ONTARIO, CA 91764
Phone: (626) 371-7000
Fax: (972) 661-7725
E-mail: EDCAECF@BDFGROUP.COM
File No. 10945939

Attorney for Movant
WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF MFA 2021-NQM2 TRUST

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| In re:<br>ROSE WANDA VITALE, AKA ROSE WANDA VITALE-UTAMA; DIANA NURUL RAHAYU AFFANDI,<br><br>Debtor(s). | CASE NO.: 26-14078-B -7<br>CHAPTER: 7<br>DC NO.: EAT-1<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>DATE: October 27, 2026<br>TIME: 1:30 pm<br>PLACE: U. S.Bankruptcy Court<br>Courtroom 13<br>Dept. B, 5th Floor<br>2500 Tulare<br>Fresno, CA 93721 |

COMES NOW, Secured Creditor WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF MFA 2021-NQM2 TRUST ("Secured Creditor" or "Movant") through the undersigned counsel and moves this Court for an Order

Terminating Automatic Stay for cause pursuant to *11 U.S.C. § § 362(d)(1) and 362(d)(2)* on the grounds hereafter set forth:

1. On September 3, 2026, the Debtors ROSE WANDA VITALE AKA ROSE WANDA VITALE-UTAMA and DIANA NURUL RAHAYU AFFANDI ("Debtors") commenced a voluntary Chapter 7 case in the United States Bankruptcy Court for the Eastern District of California, Fresno Division, Case No. 26-14078. IRMA EDMONDS is the duly appointed, qualified acting Chapter 7 Trustee ("Trustee").

2. The Debtors' estate includes real property commonly known as **3963 MENTON COURT, MERCED, CA 95348** ("Property") and legally described in the attached Deed of Trust.

3. The court has subject matter jurisdiction over this Motion under the provisions of *28 U.S.C. § 157(b)* and *11 U.S.C. § 362*. Venue in this court is proper under the provisions of *28 U.S.C. § § 1408 and 1409.*

4. On or about January 16, 2021, borrower Rose W. Vitale executed a Note in the original sum of $273,000.00 in favor of CITADEL SERVICING CORPORATION ("Note"). The original loan amount was payable with interest at the initial rate of 4.750% per annum in monthly principal and interest installments of $1,424.10 each, commencing March 1, 2021 and continuing thereafter each calendar month through February 1, 2051 at which time the entire unpaid principal balance plus accrued interest shall be due and payable.

5. The Note is secured by a first priority Deed of Trust against said real property recorded on January 25, 2021 as Document No. 2021003295 in the Office of the County Recorder of MERCED County, CA ("Deed of Trust").

6. The beneficial interest in the Deed of Trust was transferred to Movant by way of an Assignment of Deed of Trust recorded December 18, 2025 as Document No. 2025035954 in the Office of the County Recorder of MERCED County, CA.

7. As of September 22, 2026, the Debtors have materially defaulted in their obligation by failing to make thirteen (13) regular monthly mortgage installments:

| | |
|---|---|
| 6 monthly payments @ $2,031.68 each (September 1, 2025 – February 1, 2026) | $12,190.08 |
| 7 monthly payments @ $2,066.76 each (March 1, 2026- September 1, 2026) | $14,467.32 |
| **Total Due:** | **$26,657.40** |

8. Another monthly mortgage installment of $2,066.769 will become due on October 1, 2026 and continuing thereafter on the first day of each calendar month.

9. The total indebtedness of this loan as of September 22, 2026 is $272,057.83.

10. In addition, Movant has incurred attorney fees and costs totaling $1,424.00 to prosecute this relief from stay motion. These legal expenses are recoverable as additional obligations payable under the Note and Deed of Trust.

11. The Debtors claim under penalty of perjury in Schedule A/B – Real Property and in Schedule D – Creditors Holding Secured Claims that the real property has a fair market value of $550,000.00. Additionally, Debtors' Schedule D reflects that the Property is also encumbered by liens in favor of Department of Tax and Fee Administration in the amount of $529,425.00, Law Office of Daren M. Schlecter in the amount of $34,301.00, and Point Digital Fin Inc. in the amount of $83,000.00.12. The additional encumbrances against the Property total $646,726.00.

12. Movant has commenced foreclosure proceedings against the real property and caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust on May 1, 2026 as Document No. 2026011277 in the Office of the County Recorder of MERCED County, CA. There is no foreclosure sale date currently scheduled. If title reverts to Movant, the real property will have to be marketed and sold to recover the beneficiary's investment. To do so, the real property would be listed for sale with a real estate broker with a commission payable upon close of escrow in a sum equal to 8%. The total estimated cost of sale is $44,000.00 based on the $550,000.00 property value.

13. In this case, sufficient "cause" exists to grant Movant's Motion under 11 U.S.C. §362(d)(1).

14. The Court must grant relief from stay upon a showing of "cause." 11 U.S.C. § 362(d)(1). Title 11 U.S.C. §362(d)(1) provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

15. Although the Bankruptcy Code does not define the term "cause", it "is a broad and flexible concept that permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations." *In re A. Partners, LLC,* 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006). In other words, cause must be determined on a case-by-case basis. *Benedor Corp. v. Conejo Enters., Inc., (In re Conejo Enters, Inc.),* 96 F.3d 346, 351 (9th Cir. 1996). The decision whether to grant or deny relief from the automatic stay under section 362(d)(1) is left to the discretion of the bankruptcy court. *In re National Environmental Waste Corp.,* 129 F.3d 1052, 1054 (9th Cir. 1997). Cause includes a debtor's lack of equity in a property, a debtor's failure to make post-petition mortgage payments, and inadequate protection of a creditor's interest in the property. *In re Ellis, 60 B.R. 432* (9th Cir.BAP 1985).

16. In this case, relief from the automatic stay for "cause" under 11 U.S.C. § 362(d)(1) is appropriate as the Debtors are thirteen (13) payments delinquent.

17. Furthermore, relief from the automatic stay is warranted under 11 U.S.C. § 362(d)(2) as there is no equity and the property is not necessary for an effective reorganization.

18. Section 362(d)(2) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> (A) the debtor does not have enough equity in the property; and
> (B) such property is not necessary to an effective reorganization…

19. Here, after deducting the estimated costs of sale of $44,000.00**,** the Movant's Deed of Trust $272,057.83, and the additional encumbrances against the property totaling $646,726.00 from the Debtor's value of the Property in the amount of $550,000.00, there is no remaining equity for the Debtors and the Chapter 7 Trustee. *Stewart v. Gurley, 745 F.2d 1194* (9th Cir. 1984). Since the instant case is a Chapter 7 case, it does not contemplate reorganization. *In re Preuss, 15 B.R. 896* (9th Cir. BAP 1981).

18. Based on the foregoing, Movant is entitled to relief from the automatic stay under sections 362(d)(1) and 362(d)(2).

WHEREFORE, Movant prays for an Order as follows:

1. For an Order Granting Motion for Relief from the Automatic Stay to allow Movant to enforce its state law foreclosure remedies against the real property described above and to allow the successful bidder to recover possession of said real property in accordance with applicable state laws.

2. That the Order Granting Motion for Relief from the Automatic Stay be binding and effective notwithstanding any conversion, dismissal or discharge of this case to a case under any Chapter of *Title 11* of the *United States Code* without further notice, hearing or court order.

3. That the Order Granting Motion for Relief from the Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by *Rule 4001(a)(4)* of the *Federal Rules of Bankruptcy Procedure*.

4. For such other relief as the court deems proper.

BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP

Dated: 9/24/2026

By: /s/MARISOL A. NAGATA
MARISOL A. NAGATA
Attorney for Movant